**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:23-cv-81412(RLR)(BER)**

HEATHMAN FARM, LLC
a Florida limited liability company,

Plaintiff,

vs.

JP HAVENS GREAANHANDEL NV,
a foreign entity,

Defendant.
_______________________________/

**DEFENDANT'S, JP HAVENS GREAANHANDEL NV, MOTION TO DISMISS COMPLAINT**

Defendant, JP HAVENS GRAANHANDEL NV, a foreign entity (the "Defendant"), hereby files this Motion to Dismiss Plaintiff's, HEATHMAN FARM, LLC (the "Plaintiff"), Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). As set forth below, the Complaint fails for: (1) lack of subject-matter jurisdiction; and (2) failure to state a claim upon which relief can be granted.

## I. Preliminary Statement

Every day, businesses and individuals across the nation call upon other businesses and individuals to buy and/or sell goods or services to each other. This unremarkable occurrence forms the basis of Plaintiff's Complaint against Defendant. Defendant is a foreign entity located in the Netherlands. Plaintiff, a limited liability company is a citizen of the State of Florida. Plaintiff seeks damages because Defendant allegedly sold it and/or placed in the stream of commerce horse feed which contained substances prohibited by the governing authority of the

competition in which the subject horse was scheduled to compete. Plaintiff claims that, simply because the Defendant's feed product is sold by a retailer in the United States, including Florida, that it has subject matter jurisdiction to bring its Complaint against the Defendant in Florida. Plaintiff purchased and used the feed while at a competition in Denmark. None of the events Plaintiff complains about happened in Florida but rather in Europe. As such, there is no nexus between the events alleged in the Complaint and the State of Florida. Plaintiff also fails to state a cause of action for each of the allegations it has brought against the Defendant in the case *sub judice*, as further discussed below. Further, Plaintiff only plausibly suggests that it has suffered economic injury which subjects the Complaint to dismissal as well. For the foregoing reasons, Plaintiff's Complaint should be dismissed *with prejudice*.

## II. **Standard of Review**

The court must decide a Rule 12(b)(1) motion before addressing any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. *See* FRCP 12(b)(1); 12(h)(3). In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. *See John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000). Nevertheless, "[t]hreadbare recitals of the elements of [a cause of action], supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009), and such legal conclusions should be disregarded. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 138 (3d Cir. 2010). Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of the facts. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994). Under 28 U.S.C. § 1332(d)(3), a district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction.

A "complaint must … contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible on its face*." *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011) (internal quotations omitted) (emphasis added) (affirming grant of motion to dismiss where plaintiffs did not allege facts suggesting they plausibly suffered economic injury). "Stating a plausible claim for relief requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged': 'more than a sheer possibility that a defendant has acted unlawfully.'" *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264-65 (11th Cir. 2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Stated differently, the factual allegations in a complaint must possess enough heft to set forth a plausible entitlement to relief." *Fed. Trade Comm'n v. Watson Pharmaceuticals, Inc.*, 677 F.3d 1298, 1306 (11th Cir. 2012) (internal quotations omitted). Of course, the Court is not required to accept as true allegations which state conclusions of law. *See Solis-Ramirez v. United States*, 758 F.2d 1426, 1429 (11th Cir. 1985). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

## III. ***The Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction as there is no nexus to the State of Florida*** [1]

Here, Plaintiffs alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332 and concludes that the damages exceed $75,000.00. *See* Compl. ¶ 3. However, the Complaint is facially deficient in alleging a factual basis for subject matter jurisdiction. "A defendant can move to

[1] Defendant is not alleging that Plaintiff lacks *in personam* jurisdiction and readily admits that by virtue of the fact that Plaintiff sells its product via a third-party in Florida that it maintains *in personam* jurisdiction. Plaintiff is only alleging the Defendant does not and cannot maintain subject matter jurisdiction.

dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008). "A facial attack on the complaint requires that the court merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). In the case at bar, the Complaint is wholly devoid of any allegation that any of the events which form the basis of the Complaint occurred in Florida. To the contrary, the Complaint specifically identifies that the Plaintiff purchased and used the allegedly tainted feed in Denmark. *See* e.g. Compl. ¶ 12. There is simply no nexus between Florida and the events underscoring the allegations in the Plaintiff's Complaint. Even accepting the allegations of the Complaint as true and construing all reasonable inferences in favor of Plaintiff, as this Court must on a motion to dismiss, the Complaint must be dismissed as wanting in subject matter jurisdiction. *See Karedes v. Ackerly Group*, 423 F.3d 107, 113 (2d Cir. 2005); *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000).

## IV. ***Diversity Does not Exist Because Defendant is a Foreign Entity***

Plaintiff's subject matter jurisdiction allegations are that the amount in controversy exceeds $75,000 and that the action there is a "complete diversity of citizenship of the parties", as required to prove diversity jurisdiction. *See* 285 U.S.C. §1332; *see also* Compl. ¶ 3. Section 1332(a)(1) affords this Court "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … Citizens of different States." Notably, Plaintiff pleads diversity jurisdiction on the one hand but, on the other hand, Plaintiff admits that Defendant is a "citizen of The Netherlands., being a public limited company, or in Dutch, a "naamloze venootschap" ("NV"), formed in the

Netherlands." Compl. ¶ 3. Thus, Plaintiff's allegations fail to establish the diversity requirements under federal law pursuant to Section 1332(a) between two "states".

Since Defendant is a foreign "entity" (*see* Complaint generally), it is not a citizen of a "different state" to establish diversity jurisdiction. The term "States", as used in section 1332, "includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. §1332(e). Foreign states are not included in this definition. *See Lebanese Am. Univ. v. Nat'l Evangelical Synod of Syria & Leb.*, 2005 U.S. Dist. LEXIS 188 (S.D.N.Y. Jan. 5, 2005). Companies like the Defendant are considered to be citizens of the country in which they are domiciled and in which their principal place of business exists, in this case the Netherlands. *See Zurich Am. Ins. Co. v. Dab Sing. Bank, Ltd.*, 2004 U. S. Dist. LEXIS 10786 (S.D.N.Y. 2004), citing *JP Morgan Chase Bank v. Traffic Stream (BV!) Infrastructure Ltd.*, 536 U.S. 88 122 (2002); *see also* 28 U.S.C. §1332(c) (corporation is citizen of state where incorporated and where it has its principal place of business). Plaintiff's own allegations state that diversity does not exist as Plaintiff admits that Defendant is a foreign corporation. Dismissal of the Complaint is thus both necessary and proper.

## V. ***<u>Plaintiff Failed to State a Cause of Action</u>***

### *A. Plaintiff's Allegations That a "Warranty" Exists Fail*

The United States Supreme Court has recently clarified the standard to be applied on a motion to dismiss under Rule 12(b)(6). To survive a motion to dismiss, a complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2008). Throughout its Complaint, Plaintiff vacillates between its use of the word "warranty" and the phrase "affirmative affirmations, promises and misstatements" in its failed effort to entice this Court to

believe that a "warranty" (both express and implied) was presented to and accepted by the Plaintiff. *See e.g.* Compl. ¶ ¶ 42, 44. While the Court must "take all factual allegations in the complaint as true" (*Ashcroft v. Iqbal* at 678), it is not required to accept a "legal conclusion couched as a factual allegation." *See Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). Herein, Plaintiff's allegations are both conclusory and devoid of factual support. The "warranties" and/or "affirmative affirmations, promises and misstatements" alleged by Plaintiff are pulled from Defendant's website and amount to nothing more than mere puffery. It is well-settled that generic concepts of quality, safety, and customer satisfaction are textbook non-actionable puffery *See Beck v. FCA US LLC*, 273 F. Supp. 3d 735 (E.D. Mich. 2017) ("quality, reliability, performance, and safety" are terms that "consistently qualify as puffery"); *Ram Int'l, Inc. v. ADT Sec. Servs., Inc.*, 555 F. App'x 493, 501 (6th Cir. 2014) (puffery includes a salesperson's talk in "promoting a sale" and "hyp[ing] a product beyond objective proof"). Additionally, Plaintiff takes these statements and then unilaterally extrapolates them in an ill-conceived attempt to show that Defendant's feed product *must* be backed by such statements because they use them in advertising that they are somehow connected to the Olympics and other certain participants. Such conclusory exaggerations must be disregarded by the Court. "Additional factual detail is [thus] necessary in order to permit the Court to make a meaningful assessment of the plausibility of the allegations." *Holomaxx Technologies v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1106 (N.D. Cal. 2011). A court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions case in the form of factual allegations. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Warranties must be construed using the ordinary principles of contract interpretation and it is the parties to a contract which define the substantive obligations of the contract and any express warranties therein. *See e.g. Michael v. Shiley, Inc.*, 46 F.3d 1316, 1325 (3d Cir. 1995); *Mouser v. Keystone RV Co.*, 2023 U.S. Dist. LEXIS 41587, at *14 (N.D. Ind. Mar. 13, 2023) ("[a]n express warranty is a contract, and a court looks to the terms of a contract when interpreting and enforcing it). In the case at bar, there is no contract between the Plaintiff and Defendant and thus no warranty, explicit, implied or otherwise may exist. For the foregoing reasons, Plaintiff's Complaint must be dismissed accordingly.

***B. Plaintiff Fails to State a Prima Facie Claim of Negligence Against Defendant***

A complaint cannot simply allege the plaintiff's entitlement to relief, it must allege an entitlement through its facts. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009) (where the facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged but not shown that the plaintiff is entitled to relief). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic v. Twombly*, 550 U.S. 544, 55 n.3 (2007). To that end, the Court need not accept as true "unsupported conclusions and unwarranted inferences, and [l]egal conclusions made in the guise of factual allegations … are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs. Ltd.,* 448 F.Supp. 2d 607, 609 (D.N.J. 3006) (citing *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (a court need not consider Plaintiff's bald assertions or legal conclusions when deciding a motion to dismiss).

In order to state a prima facie case for negligence, Plaintiff must establish that Defendant owed it a duty of care. If Plaintiff can prove the existence of that duty then it must establish breach of that duty, causation and damages. Failure to establish any one of these elements is fatal to Plaintiff's claim. Plaintiff fails to set forth any of the elements of a cause of action for negligence with a factual basis. The Complaint is subject to dismissal.

***C. Breach of Contract***

With respect to its cause of action for Breach of Contract (Count VI of Plaintiff's Complaint) it is axiomatic that, in order to maintain a breach of contract claim, a plaintiff must allege that a defendant was a party to the contract at issue. *See Leber Assocs., LLC v. Entm't Grp. Fund, Inc.*, No. 00 Civ. 3759 LTS MHD, 2003 WL 21750211, at *15-16 (S.D.N.Y. July 29, 2003) (dismissing breach of contract claim where plaintiff did not allege "the existence of an agreement between the plaintiff and defendant"). Herein, there is no contract between the parties. To the contrary, from the face of the Complaint, the only contract alleged is between Defendant and its "resellers" and those "resellers" and the Plaintiff. There is no contract, express or implied between the Plaintiff and Defendant. The Plaintiff's own allegations demonstrate that the resellers were in privity of contract with the Plaintiff to sell the subject feed. Simply because the Plaintiff purchased the Defendant's feed from a third-party reseller does not magically create a contract by and between the parties hereto. Plaintiff admits as much by virtue of the allegations in its Complaint. *See e.g.* Compl. ¶142. Accordingly, the Complaint fails to state a cause of action for Breach of Contract and must be dismissed.

## ***VI. Counts I, II, III, IV, V and VII Should be Dismissed Because the Economic Loss Doctrine Precludes Plaintiff from Seeking Recovery for Purely Economic Loss in Tort Law***

Plaintiff's claims in Counts I, II, III, IV V and VII of its Complaint must be dismissed as they are barred by Florida's Economic Loss Rule. "The economic loss rule is a judicially created

doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 n. 1 (Fla. 2004). Florida applies the economic loss rule in two different circumstances: 1) "the first is when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract; 2) the second is when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property." *Id*. Under the contractual privity economic loss rule, a plaintiff is barred from asserting a tort action "where a defendant has not committed a breach of duty apart from a breach of contract." *Am. Aviation*, 891 So. 2d at 536-37; *see also Excess Risk Underwriters v. Lafayette Life Ins.*, 208 F. Supp. 2d 1310 (S.D. Fla. 2002) ("[A] party to a contract may not pursue a claim in tort for solely economic losses, unless the party breaching the contract has committed a tort which is distinguishable from or independent from the breach of contract."); *Action Nissan v. Hyundai Motor America*, 617 F.Supp 2d 1177, 1192 (M.D. Fla. 2008) ("[C]ourts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract." (quoting *Am. Aviation*, 891 So. 2d at 537)). This rule is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort. *See Am. Aviation*, 891 So. 2d at 536; *Vesta v. Lotspeich & Assoc.*, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008). Florida has adopted the economic loss doctrine as a bar to claims sounding in, *inter alia*, strict liability and negligence. *See Trans States Airlines v. Pratt & Whitney Can.*, 682 N.E. 2d 45, 48 (Ill. 1997); *Turbomeca, S.A. v. French Aircraft Agency, Inc.*, 913 So. 2d 714, 716 (Fla. App. 2005); *Marry v. Ford Motor Co.*, 97 S.W.3d 888, 891 (Tex. App. 2003). Additionally, any damages for a breach of warranty against the Defendant is barred as the Plaintiff was not in privity of contract with the Defendant.

*See McAteer v. Black & Decker*, 1999 WL 33836701, at *3 (M.D. Fla. Sept. 13, 1999) (holding that a manufacturer written instructions and written warranty to the ultimate consumer do not create contractual privity between manufacturer and consumer); *McCabe v. Daimler AG*; 948 F.Supp. 2d 1347 2013 U.S. Dist. LEXIS 80161 (N.D. Ga. June 7, 2013) (citing *Rothe v. Maloney Cadillac, Inc.*, 518 N.E. 2d 1028, 1029 (Ill. 1998)) (with respect to purely economic loss, the UCC article II implied warranties give a buyer of goods a potential cause of action *only against his immediate seller*). (Emphasis added). Here, the damages alleged by the Plaintiff arose out of a contract are not independent therefrom. As such, Plaintiff's cause of action for negligence must be dismissed *with prejudice*.

## ***VII. The Allegations on Counts I-V are Merely Factual Support for the Breach of Contract in Count VI and Should be Dismissed as Duplicative***

When a count of a complaint is simply duplicative of a previous count, the duplicative count should be dismissed. *See Falcon Associate, Inc. v. City of O'Fallon, Ill.*, 867 F. Supp. 778 (S.D. Ill. 1994). Count VI of Plaintiff's Complaint alleges breach of a contract.[2] The prior counts in the Plaintiff's Complaint (i.e. Counts I-V) all arise from the same cause of action as Count VI, namely the breach of the alleged contract. The factual allegations in Counts I-V do not give rise to a cause of action unless the alleged contract has indeed been breached. Furthermore, recovery for the injuries alleged in Counts IV must also be premised by a finding that the alleged contract was breached. The allegations in Counts I-V may not become separate counts simply by being labeled as such and are better described as the operative facts supporting Count VI. *See Rayman v. Peoples Sav. Cop.*, 735 F.Supp 842, 852 (N.D. IL. 1990).

The practice of submitting different counts arising from the violation of the same contractual terms, and for which recovery is based on the same allegation(s) has been looked

[2] Notwithstanding there is no contract as discussed in more detail herein, the other counts are duplicative.

down upon in the past. *See Codest Engineering v. Hyatt Intern. Corp.*, 954 F.Supp. 1224 (N.D. IL. 1996) (dismissing count for breach of duty to deal in good faith, noting that the count is duplicative "because an alleged breach of an express contract term does not give a contract party two independent claims for relief: one for breach of contract and one for breach of the duty to deal in good faith."). Indeed, Counts I-V do not allege any facts distinct from those alleged in Count VI, the facts of which vaguely allege a breach of the alleged contract. The allegations in Counts I-V are merely supportive of Count VI. Furthermore, the allegations of Counts I-V give rise to the same injury and ask for the same recovery.

## *VIII. Allowing Counts I – III to Stand Would Improperly Allow Plaintiff's Liability for the Same Alleged Actions to be Assessed Multiple Times*

Plaintiff's claims for Breach of Express Warranties (Count I), Breach of Implied Warranties (Count II) and Breach of Implied Warranty of Merchantability, Usage or Trade (Count III) is a re-packaged breach of contract claim. The claims are all based on similar allegations – that Defendant breached a warranty (which never existed). (Compl. ¶¶ 73-108). Thus, each is merely a breach of contract claim which has already been alleged and should be dismissed based upon their duplicative nature. *See Frazier v. Mylan Inc.*, 911 F.Supp. 2d 1285, 1298 (N.D. Ga. 2012). In the event that this Court determines that Counts I-III of Plaintiff's Complaint are not duplicative of its Breach of Contract Claim, then they are clearly duplicative of and subsumed within one another and at least two (2) of the breach of warranty claims must therefore be dismissed.

## *IX. There is No Private Cause of Action Provided by Section 627.4137, Fla. Stat.*

Here, Plaintiff asserts that the Defendant is somehow required to comply with §627.4137, Fla. Stat. and, in turn, provide the requested insurance information to Plaintiff. Plaintiff's position is misplaced, without merit and otherwise moot and must therefore be dismissed with

prejudice. Notwithstanding that Plaintiff's request is premature as the merits of the allegations in the Complaint are undetermined and subject to dismissal, there is no duty of the Defendant to provide any such information at this juncture and the requested information may be sought by virtue of discovery should the instant matter successfully progress to that point.

Section 627.4137, Fla. Stat. is an administrative statute, which allows a potential claimant to obtain liability insurance information from an insurer or an insured. *See* § 627.4137, Fla. Stat. This statute, however, does not create a private cause of action. Under Florida law, "[a] statue creates a new cause of action *if it provides a remedy unavailable under the common law*." *Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 23 (Fla. 2004) (holding that Fla. Stat. § 376.313(3) crates a private cause of action because the statutory language departed from the common law and created a damages remedy for the non-negligent discharge of pollution). Unlike the statute referenced in *Aramark*, § 627.4137, Fla. Stat. does not expressly create a remedy for its violation; therefore, the statute does not create a private cause of action. This Court cannot create a cause of action based upon a statute where the Florida Legislature has not created one. *See Aramark,* 894 So. 2d at 23 ("[w]hether a violation of a statute can serve as the basis for private cause of action is a question of legislative intent … Court's must determine legislative intent from the plain meaning of the statute."). At best, Plaintiff is attempting to plead a cause of action for mandatory injunction; however, if that is what Plaintiff is attempting, it has failed miserably at pleading the required elements therefore.

For these reasons, Plaintiff's "Demand for Insurance Information" must be dismissed accordingly.

**WHEREFORE,** Defendant, JP HAVENS GREAANHANDEL NV, respectfully requests that this Court enter an Order granting its Motion to Dismiss with Prejudice and award it attorney's fees and costs along with any and all further relief this Court deems just and proper.

Respectfully Submitted,

By: */s/ Carmen Y. Cartaya*
CARMEN Y. CARTAYA
Florida Bar No.: 515736
ccartaya@smsm.com
ALEIDA M. MIELKE
Florida Bar No: 101486
amielke@smsm.com
IAN P SINGER
Florida Bar No: 1002012
isinger@smsm.com

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
200 East Las Olas Blvd., Suite 1820
Fort Lauderdale, FL 33301
Telephone: (954) 765-1001
Facsimile: (954) 765-1005

***Attorneys for Defendant***
***JP Havens Graanhandel NV***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January, 2024, the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will send notification of such filing to counsel or parties of record.

*/s/ Carmen Y. Cartaya*
CARMEN Y. CARTAYA