UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-81412

**HEATHMAN FARM, LLC**
**a Florida limited liability company,**

    **Plaintiff,**
v.

**JP HAVENS GREAANHANDEL NV,**
**a foreign entity.**

    **Defendant.**
_____/

## JOINT SCHEDULING AND CONFERENCE REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), all parties hereby submit this Joint Scheduling and Conference Report.

**I.**    **The Likelihood of Settlement:**

This matter has commenced only relatively recently. No discovery has occurred to date. Accordingly, the parties have not yet engaged in settlement discussions, but will in good faith explore the possibility of settlement once discovery has been conducted. The parties agree to designate a mediator and conduct private mediation following an adequate time for discovery.

**II.**    **Likelihood of Appearance in the Action of Additional Parties:**

The appearance of additional parties within this action is not presently contemplated by the Parties; however, discovery could reveal such parties.

**III.**    **Proposed Track, Trial and Pretrial Schedule:**

    **a.**    **Designation of Case Management Track.**

The Parties concur that this matter should be assigned to the Complex Track because of the following factors: the scientific and factual complexity of the case and concomitant number of

expert witnesses likely to be involved, the volume of evidence, the involvement of a European Defendant and its witnesses and records, the location and availability of witnesses located outside of the United State, anticipated problems locating or preserving evidence, time estimated by the parties for discovery, and the time reasonably required for trial. [L.R. 16.1(a)(2)(C)].

    **b. Proposed Pretrial Dates and Trial Commencement Date.**

The Parties propose a schedule and limits on time including but not limited to the following:

| | | |
|---|---|---|
| Designation of Mediator, Date, Time and Place of Mediation | - | April 15, 2024 |
| Motions to Amend Pleadings/Add Parties (excluding motions brought pursuant to Rules 15 or 41) | - | May 20, 2024 |
| Parties to exchange initial expert reports | - | June 28, 2024 |
| Parties to exchange rebuttal expert reports | - | September 6, 2022 |
| Completion of all discovery | - | January 10, 2024 |
| Parties to complete mediation and file a mediation report | | January 31, 2025 |
| Parties to file motions for summary judgment and *Daubert* Motions. | - | February 24, 2025 |
| Parties to submit motions in limine, joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, proposed jury instructions and | - | April 11, 2025 |

        verdict form, and motions *in limine*

        Trial Commencement      -      May 19, 2025.

**IV.** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment:**

Currently the Parties have no proposals of this nature; however the parties will continue to entertain and discuss such proposals throughout the litigation of this matter.

**V.** **The Necessity or Desirability of Amendments to the Pleadings:**

Because a Motion to Dismiss by Defendant is pending, it is possible that one or more pleadings could be amended, subject to the Orders and leave of this Court.

**VI.** **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence:**

The Parties will confer in good faith and work together during discovery to obtain admissions of fact and documents which will avoid unnecessary proof. The Parties will be commencing discovery, which should give clarity to these issues. The Parties further anticipate that they will confer in good faith and stipulate to the authenticity of documents or electronically stored information about which there is no dispute regarding authenticity and will only seek advance rulings from the Court regarding the admissibility of evidence when the Parties cannot agree.

**VII.** **Suggestions for the Avoidance of Unnecessary Proof of Cumulative Evidence:**

None at this time. The parties shall consult and discuss the ESI Rule 26(f) checklist and anticipate that any issues concerning ESI not resolved by the parties may be decided by this Court.

**VIII.    Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master:**

The Parties have conferred and believe that the referral of discovery issues to the Magistrate Judge could have a beneficial impact on the course and efficient resolution of this case. However, the parties will not agree to referral of dispositive motions to the Magistrate Judge and will not agree to trial with the Magistrate Judge.

**IX.    A Preliminary Estimate of the Time Required for Trial:**

The parties anticipate that trial will take seven to ten (7-10) days, excluding *voir dire*, charge and deliberations.

**X.    Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference and Trial:**

The parties shall appear for pretrial conference and trial at a date to be determined by the Court.

**XI.    Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), for matters enumerated on the ESI Checklist:**

The Parties agree that ESI should be preserved through the trial of this action or any summary adjudication. If reasonably requested by another party, the Party to whom the request is made shall produce emails and other ESI in the format of the ESI as maintained or in the form of a Group IV TIFF file with a corresponding load file containing relevant metadata.

**XII. Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference:**

Plaintiff's counsel has pre-existing unavailability this year, from July 7 through August 15, 2024, and therefore respectfully requests the Court not set any in person conferences, nor the trial date, at that time, nor a trial date immediately thereafter.

Respectfully submitted,

| CHAPMAN LAW GROUP, PLC | SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD. |
|---|---|
| *Avery S. Chapman* | *Carmen Y. Cartaya* |
| AVERY S. CHAPMAN, Esq. | CARMEN Y. CARTAYA |
| Florida Bar No.: 517321 | Florida Bar No.: 515736 |
| 255 Professional Way | ccartaya@smsm.com |
| Wellington, FL 33414 | ALEIDA M. MIELKE |
| Telephone: 561-753-5996 | Florida Bar No: 101486 |
| Facsimile: 561-828-2852 | amielke@smsm.com |
| asc@chapmanlawgroup.net | IAN P SINGER |
| teh@chapmanlawgroup.net | Florida Bar No: 1002012 |
| andrea@chapmanlawgroup.net | isinger@smsm.com |
| | |
| ***Attorneys for Plaintiff*** | 200 East Las Olas Blvd., Suite 1820 |
| ***Heathman Farm, LLC*** | Fort Lauderdale, FL 33301 |
| | Telephone: (954) 765-1001 |
| | Facsimile: (954) 765-1005 |
| | |
| | ***Attorneys for Defendant*** |
| | ***JP Havens Graanhandel NV*** |